UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMPACT ENVIRONMENTAL CONSULTING, INC., | Civ. No. 2:11-cv-6900 (WJM) |
| Plaintiff, | OPINION |
| v. | |
| NORTH BERGEN RECYCLING, INC. | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Presently before the Court is a motion for summary judgment filed by Defendant/Counterclaimant North Bergen Recycling, Inc. ("North Bergen") pursuant to Federal Rule of Civil Procedure 56. (ECF No. 23.) Plaintiff Impact Environmental Consulting, Inc. ("Impact") opposes the motion. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, North Bergen's motion for summary judgment is **GRANTED in part** and **DENIED in part**.

I. BACKGROUND

Impact is a construction company engaged in large scale excavation projects which result in the extraction of soil that must be removed and thereafter placed off-site at certain approved transfer sites ("Approved Sites"). The process of securing an Approved Site usually takes between six and eight months, but sometimes can take up to one year. (Pl.'s Counter-Statement of Undisputed Material Facts ¶ 12, ECF No. 24.) North Bergen is the former owner of an Approved Site located in North Bergen, New Jersey (the "Facility").

On September 24, 2009, Impact and North Bergen entered into an Operating Agreement (the "Agreement"). For purposes of this Opinion, it is sufficient to note the following about the terms of the Agreement: First, that Impact would make certain improvements to the Facility, including making arrangements to operate an on-site scale. Second, that Impact would pay North Bergen $6.00 for every ton of soil it deposited at the Facility. And third, that the Agreement is silent on both the duration and manner in which either party could properly terminate their contractual arrangement.

1

From September 2009 to August 2011, Impact deposited soil at the Facility in accordance with the provisions of the Agreement. On August 1, 2011, North Bergen sold the Facility (the "Sale") to third-party Tilcon New York, Inc. ("Tilcon"). The parties dispute whether Impact had advance notice of the Sale. However, it is undisputed that in effectuating the Sale, North Bergen terminated the Agreement (the "Termination"). It is also undisputed that Impact learned of the Sale – and *de facto* Termination – no later than August 10, 2011, when Tilcon notified Impact of the Sale and informed Impact that it had until December 31, 2011 to stop using the Facility. In addition, it is undisputed that Impact owes North Bergen $425,008.52 for soil deposits it made at the Facility prior to the Sale.

On November 23, 2011, Impact initiated the present suit, based on its assertions that in effectuating the Sale, North Bergen breached the terms of the Agreement, and that as a result of the Sale, Impact has incurred considerable financial damages.[1] In response, on January 27, 2012, North Bergen filed its answer and asserted a counterclaim against Impact demanding the $425,008.52 which Impact admittedly owes it. (Answer, ECF No. 5.) Discovery in this matter is now complete.

Presently, North Bergen moves on summary judgment for the following: <u>first</u>, a determination that its manner of termination of the parties' contractual relationship was proper and that North Bergen therefore did not breach the Agreement; and <u>second</u>, for an entry of judgment against Impact in the amount of $425,008.52. In response, Impact asserts: <u>first</u>, that the manner in which North Bergen terminated the Agreement was improper and that North Bergen therefore breached the Agreement; and <u>second</u>, that because Impact incurred damages of $1,510,550.69 as a result of that improper termination, the $425,008.52 which Impact owes North Bergen is offset by Impact's own damages.[2]

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).

On a motion for summary judgment, the Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007). That being said, "the nonmoving

---

[1] More precisely, North Bergen asserts the following counts in its Complaint: Breach of Contract (Count One), Breach of Duty of Good Faith and Fair Dealing (Count Two); Unjust Enrichment (Count Three); and Declaratory Relief (Count Four). (Compl., ECF No. 1.)

[2] Although Impact appears to seek a summary judgment declaration to that effect, (*see* Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J., ECF No. 24), Impact has not filed a formal motion requesting such relief.

2

party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth 'specific facts showing that there is a genuine issue for trial,' else summary judgment, 'if appropriate,' will be entered." *United States v. Premises Known as 717 South Woodward Street, Allentown, Pa.*, 2 F.3d 529, 533 (3d Cir. 1993) (quoting Fed. R. Civ. P. 56(e)) (citations omitted).

### III.  DISCUSSION

#### A.  North Bergen's Termination of the Agreement

As an initial matter, the Court notes that it is undisputed: <u>first</u>, that pursuant to the Agreement, Impact would pay North Bergen on a per-ton-deposited basis; and, <u>second</u>, that the Agreement is silent on both the duration and manner in which either party could properly terminate their contractual arrangement. In light of these facts, the Court finds – and the parties agree – that N.J.S.A. § 12A:2-309 governs whether North Bergen's termination of the Agreement was proper. Section 2-309, in turn, reads:

> (2) Where the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time but unless otherwise agreed may be terminated at any time by either party.
>
> (3) Termination of a contract by one party except on the happening of an agreed event requires that reasonable notification be received by the other party and an agreement dispensing with notification is invalid if its operation would be unconscionable.

*Id*. In other words, where, as here, a contract potentially provides for more than one performance but has no specified termination date, either party may terminate the contract upon reasonable notice of that termination to the other party. *Gilette Foods, Inc. v. Bayernwald-Fruchterverwertung, GmbH*, CIV.A. 87-1509, 1991 WL 25455, at *14 n. 15 (D.N.J. Feb. 12, 1991) (citing *West Caldwell v. Caldwell*, 26 N.J. 9, 29–30 (1958)); *Alsentzer v. Bulboff*, A-6595-03T2, 2005 WL 3701461, at *6 (N.J. Super. Ct. App. Div. Jan. 26, 2006) (if a contract contains no express terms as to its duration, it is terminable at will after a reasonable time) (citing *In re Miller's Estate*, 90 N.J. 210, 218-19 (1982); Restatement (Second) of Contracts § 204 (1981)). *See also Jo-Ann, Inc. v. Alfin Fragrances, Inc.*, 731 F. Supp. 149, 160 (D.N.J. 1989) (reasonable notice requires that notice be given sufficiently in advance of termination such that the non-terminating party has a reasonable amount of time to secure other economically viable arrangements).

Thus, based on the undisputed facts before this Court, as a matter of law, North Bergen had an obligation to provide Impact with "reasonable" notice of the Termination. And if North Bergen's manner of notice of Termination was reasonable, then North

Bergen did not breach the Agreement; conversely, if the manner of notice was unreasonable, then North Bergen breached the contractual arrangement between the parties. While the parties dispute whether Impact knew of the Sale prior to August 1, 2013, it is undisputed that Impact was formally notified of the Sale – and *de facto* Termination – no later than August 10, 2011. It is also undisputed that Impact was allowed to use the Facility until December 31, 2011, and was therefore provided – at the very least – approximately five months to secure an alternative Approved Site. The parties dispute whether these facts support North Bergen's assertion that the manner in which it provided Impact with notice of the Termination was "reasonable." The law on this issue is imprecise. *See Jo-Ann, Inc.* 731 F. Supp. at 160 (noting that such determinations of reasonableness are usually left for the trier of fact).

In this case, the Court finds that making a determination as to the reasonableness of North Bergen's Termination on summary judgment is inappropriate. When assuming all evidence in the light most favorable to Impact, because it usually takes approximately six months – and may take up to one year – to secure an Approved Site, and Impact was only afforded five months to do so, a trier of fact could find that the manner of notice of Termination was unreasonable as this afforded Impact insufficient time "to acquire a new site and have it approved, so that Impact could relocate its operations without sustaining damages," (Pl.'s Memo of Law in Opp'n to Def.'s Mot. for Summ. J. 8), particularly where it appears that North Bergen failed to provide Impact with any formal notice of Termination and where Impact – as it was required to do under the Agreement – could very well be required to make improvements to another Approved Site. Accordingly, that portion of North Bergen's summary judgment motion which seeks a determination that it provided Impact with reasonable notice of Termination and therefore did not breach the Agreement is **DENIED**.

That being said, while the Court agrees that as a matter of law, North Bergen had an obligation to provide Impact with "reasonable" notice of the Termination, where it is undisputed that the Agreement is silent on both the duration and manner in which North Bergen could properly terminate the parties' contractual arrangement, and where it is also undisputed that Impact received an at-least-five-month period to secure an alternative Approved Site, the Court is also unable to find that, as a matter of law, North Bergen's notice of Termination was *per se* unreasonable, particularly where the parties dispute whether Impact had advance notice of the Sale. Thus, to the extent Impact has informally cross-moved for a summary determination that North Bergen's manner of Termination was unreasonable and that North Bergen therefore breached the Agreement (see Pl.'s Br. in Opp. to the Mot. for Summ. J., ECF No. 24), that informal motion is also **DENIED**.

### B. Damages

In addition, North Bergen moves for an entry of judgment against Impact in the amount of $425,008.52 for unpaid soil deposits which Impact made at the Facility prior

to August 1, 2011.  Impact does not dispute that it owes North Bergen those funds, but nonetheless argues that the amount it owes North Bergen is offset by damages which Impact incurred as a result of North Bergen's unreasonable Termination.

For purposes of this Opinion, it is sufficient to note the following:  <u>First</u>, that under New Jersey law, when a party has breached a contract, the non-breaching party has a right to, among other things, recover the lost profits it reasonably expected to earn under the contract.  *See, e.g., Bak-A-Lum Corp. v. Alcoa Building Products*, 69 N.J. 123, 351 A.2d 349 (1976).  And <u>second</u>, that the non-breaching party has the burden of proving the amount of damages it sustained.  *Sandler v. Lawn-A-Mat Chem. & Equip. Corp.*, 141 N.J.Super. 437, 454, (App. Div. 1976).

In this case, it is undisputed that pursuant to the Agreement, Impact agreed to pay North Bergen $6.00 per ton of soil which it deposited at the Facility, and that as a result, Impact currently owes North Bergen $425,008.52 for certain unpaid soil deposits.  As such, North Bergen has established: <u>first</u>, that Impact has breached the Agreement; and <u>second</u>, the amount of damages North Bergen has sustained as a result of that breach.  And because Impact has failed to establish that North Bergen's Termination was unreasonable as a matter of law, Impact has failed to establish its right to recover damages of $1,510,550.69 which it claims it incurred as a result of that improper Termination.  Thus, the judgment in favor Impact in the amount of $425,008.52 is in no way offset by the damages which Impact allegedly sustained.  Accordingly, North Bergen's motion for a judgment against Impact in the amount of $425,008.52 will be **GRANTED**.

### IV.   CONCLUSION

For the reasons stated above, Defendant North Bergen's motion for summary judgment is **GRANTED in part** and **DENIED in part**.  An appropriate order follows.

       /s/William J. Martini  
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 20, 2013**